## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

NUTRADOSE LABS, LLC, a Florida
limited liability company

      Plaintiff,

vs.                                                                          Case No.:

BIO DOSE PHARMA, LLC, a Florida limited
liability company, and RAIMUNDO
SANTAMARTA, an individual

      Defendants.

_____/

## COMPLAINT

    Nutradose Labs, LLC ("Nutradose") sues Defendants Bio Dose Pharma, LLC ("Bio Dose")

and Raimundo Santamarta (collectively with Bio Dose, the "Defendants") and alleges as follows:

### NATURE OF THE ACTION

    1.    This is an action for trademark infringement, conversion, and deceptive and unfair

practices arising from Defendants' unauthorized use of Nutradose's federally registered trademark

rights in the name and trademark **GLUTADOSE** (the "GLUTADOSE Mark") and unauthorized

use of Nutradose's social media accounts and internet profiles.

    2.    Nutradose has been damaged as a result of Defendants' unauthorized and unlawful

use of the GLUTADOSE Mark and Nutradose seeks damages and to enjoin Defendants'

infringement.

### THE PARTIES

    3.    Nutradose is a limited liability company organized under the laws of the State of

Florida with its principal place of business in Miami-Dade County, Florida.

4.      Bio Dose is a limited liability company organized under the laws of the State of Florida with, on information and belief, its principal place of business in Broward County, Florida.

5.      Mr. Santamarta is an individual who resides in Broward County, Florida, and is the controlling equity owner and manager of Bio Dose.

## JURISDICTION AND VENUE

6.      Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, this Court has original subject matter jurisdiction of Nutradose's claims for unlawful use of the GLUTADOSE Mark under 15 U.S.C. § 1125.

7.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Nutradose's state law claims, which arise from a common nucleus of operative facts to the federal trademark claims.

8.      This Court has personal jurisdiction over the Defendants because Bio Dose is a Florida limited liability company with its principal place of business in Florida and because Mr. Santamarta is domiciled in Florida and conducts business in Florida.

9.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because Defendants reside and do business in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### Registration of the GLUTADOSE Mark and the Bankruptcy Sale

10.     Unipharma, LLC n/k/a UP Windown LLC, ("Unipharma") was a pharmaceutical development and manufacturing company established around 2013.

2

11.     In 2019, Unipharma began manufacturing a line of dietary supplement (the "GLUTADOSE Products") under the GLUTADOSE Mark. Mr. Santamarta was the controlling equity owner and manager of Unipharma.

12.     On December 24, 2019, Unipharma registered the GLUTADOSE Mark with the United States Patent and Trademark Office. **Exhibit A**.

13.     On December 7, 2020, Unipharma filed for Chapter 11 bankruptcy, *In re UP Winddown LLC*, 20-23348-PDR (Bankr. S.D. Fla. 2020), which was jointly administered with the bankruptcy of a related entity, *In re TAM Winddown LLC*, 20-23346-PDR (Bankr. S.D. Fla. 2020), (the jointly-administered bankruptcies hereinafter collectively referred to as the "Bankruptcy").

14.     Defendants were both listed as creditors and participated in the Bankruptcy.

15.     On January 29, 2021, the Bankruptcy Court approved the sale of certain assets of Unipharma to NHTV (AIV) ULM BIDCO LLC (the "Bankruptcy Sale"), and Defendants did not object to the Bankruptcy Sale. **Exhibit B**.

16.     Through the Bankruptcy Sale, NHTV (AIV) ULM BIDCO LLC n/k/a New Vision Pharmaceuticals, LLC ("New Vision") acquired, among other things, all rights in the intellectual property of Unipharma, which included the GLUTADOSE Products, the GLUTADOSE Mark, and all related intellectual property of Unipharma, including, but not limited to, internet domains and social media accounts and profiles connected with the GLUTADOSE Products and the GLUTADOSE Mark. *See* **Exhibit B** at 17; § 2.1.

17.     Furthermore, through the Bankruptcy Sale, which neither Defendant objected to, Defendants lost any rights that they may have had to use the GLUTADOSE Mark and to sell GLUTADOSE Products: "Prior to Closing, the [Unipharma] shall . . . terminate all prior

arrangements or agreements, whether oral or in writing, between [Unipharma] and Bio Dose Pharma, LLC . . . ." *Id*. at 53; § 6.12.

18.     The termination of all prior agreements between Unipharma and Bio Dose was in recognition that Mr. Santamarta was the controlling equity owner and manager of Unipharma and Bio Dose and that any such agreements between such entities were self-serving agreements essentially between Mr. Santamarta and himself.

19.     On June 14, 2021, a trademark assignment from Unipharma to New Vision of the GLUTADOSE Mark was registered with the United States Patent and Trademark Office. **Exhibit C**.

The New Vision Lawsuit

20.     On September 9, 2021, New Vision filed suit against Bio Dose and Mr. Santamarta, along with two other defendants, for cybersquatting. *New Vision Pharmaceuticals, LLC v. Bio Dose Pharma LLC, et. al.*, 21-cv-61903-AHS (S.D. Fla. 2021) (the "New Vision Lawsuit").

21.     The New Vision Lawsuit alleged that despite the Bankruptcy Sale, Defendants had transferred control of the www.glutadose.com domain name from Unipharma to Bio Dose and that despite the Bankruptcy Sale wherein Defendants sold and relinquished all intellectual property of Unipharma, Defendants had refused to transfer control of the domain name to New Vision.

22.     As part of this refusal to hand over what was properly New Vision's, Defendants' counsel in the New Vision Lawsuit wrote "I just heard back from my client and they have informed me that the domain name expires in October 2021. Rather than transfer it, they will merely let it expire." New Vision Lawsuit Compl. ¶ 33; Ex. H.

23.     In other words, Defendants were adamant in obtaining as much financial gain as possible, for as long as possible, from their improper and unauthorized use of New Visions domain name, despite and in direct contravention of the Bankruptcy Sale.

24.     On October 19, 2021, apparently after the domain name had expired, New Vision and Defendants entered a Stipulated Voluntary Dismissal without prejudice of the New Vision Lawsuit.

Nutradose Purchases GLUTADOSE and Defendants' Infringement

25.     On December 17, 2021, Nutradose purchased from New Vision, among other things, the rights to the GLUTADOSE Products and the GLUTADOSE Mark, including internet domains and social media accounts and profiles connected to the same.

26.     A trademark assignment was filed with the United States Patent and Trademark Office and Nutradose is currently reflected as the owner of the GLUTADOSE Mark. **Exhibit A**.

27.     Unbeknownst to Nutradose at the time of the purchase, Defendants continued, and continue to this date, to violate the Bankruptcy Sale by improperly infringing on the GLUTADOSE Mark by:

a.     Maintaining the GLUTADOSE Mark in multiple foreign jurisdictions, including, Mexico and the Dominican Republic, under Defendants' names;

b.     Registering the GLUTADOSE Mark in the European Union under Defendants' name;

c.     Continuing to utilize (and refusing to hand over) the Amazon Brand Registry on Amazon.com[1];

---

[1] As of the date of filing this Complaint, Nutradose is working with Amazon.com through its internal procedures to obtain control of the Amazon Brand Registry but has not yet obtained control. Nutradose reserves the right to amend this Complaint should it successfully obtain the Amazon Brand Registry prior to final adjudication of this action.

      d.      Continuing to advertise using the GLUTADOSE Mark under Bio Dose's Walmart account;

      e.      Continuing to utilize (and refusing to hand over) GLUTADOSE Instagram accounts, i.e. @glutadose and @glutadose.es;

      f.      Maintaining Bio Dose's office location as the Google search result when searching for GLUTADOSE;

      g.      Continuing to utilize the GLUTADOSE Zendesk subdomain under Bio Dose's account;

      h.      Advertising the GLUTADOSE Mark on Defendants' Facebook profiles; and

      i.      Continuing to advertise using the GLUTADOSE Mark on Bio Dose's website.

*See* **Composite Exhibit D**.[2]

28.      On information and belief, additionally, Defendants are now altering, or allowing to be altered, and then selling the GLUTADOSE Products by adding expiration dates that have not been approved by the manufacturer as of the date of the alteration.

29.      Furthermore, in violation of the Bankruptcy Sale as approved by the Bankruptcy Court, Defendants have unlawfully taken possession of the GLUTADOSE social media accounts and profiles, such as Instagram accounts, which is Nutradose's property.

30.      In short, Defendants are continuing their scheme to obtain as much financial gain as possible from the improper and unauthorized use of the GLUTADOSE Mark.

31.      All of the above actions are being undertaken without the approval or consent of Nutradose, the rightful owner of the GLUTADOSE Products, the GLUTADOSE Mark, and the social media accounts and profiles.

---

[2] These listed activities are those that are known to Nutradose as of the filing of this Complaint. Given the broad nature of Defendants' infringement, Nutradose reserves the right to amend its Complaint to include additional acts that may be uncovered through discovery.

32.     Defendants' use of the GLUTADOSE Mark for the sale of the GLUTADOSE Products creates a likelihood of confusion.

33.     Nutradose has been, and will continue to be, damaged by the acts of Defendants.

34.     Moreover, Nutradose's goodwill has been, and will continue to be, damaged by the acts of Defendants, unless those acts are enjoined.

35.     There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(a))**

36.     Nutradose repeats and realleges paragraphs 1 through 35 as if fully stated herein.

37.     Nutradose is the rightful owner of the GLUTADOSE Mark and has rights in the same by virtue of its ownership.

38.     Defendants intentionally, willfully, and knowingly adopted the GLUTADOSE Mark to sell the GLUTADOSE Products in order compete with Nutradose in an effort to trade on Nutradose's goodwill and to confuse consumers.

39.     Nutradose has not authorized Defendants to utilize, in any way, the GLUTADOSE Mark.

40.     Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, in addition to causing injury to Nutradose's goodwill and reputation.

41.     Defendants' activities constitute infringement of the GLUTADOSE Mark in violation of 15 U.S.C. § 1114(a).

42.     On information and belief, Defendants have made, and will continue to make, substantial profits and gains to which they are not entitled.

43.     By reason of Defendants' infringing activities, Nutradose has and will continue to be irreparably harmed and damaged, and Nutradose's remedies at law are inadequate to compensate for this harm.

44.     Nutradose was required to hire the undersigned counsel and has obligated itself to pay the undersigned counsel's reasonable fees and litigation costs, for which Nutradose seeks to recover pursuant to 15 U.S.C. § 1117(a).

WHEREFORE, Nutradose respectfully requests entry of a final judgment in its favor and against Defendants:

(A)    ordering that Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under their authority be enjoined permanently from: (i) advertising, marketing, promoting, offering for sale, distributing or selling GLUTADOSE Products or the GLUTADOSE Mark; (ii) using the GLUTADOSE Mark in connection with any of their businesses; (iii) using any trademark, name, logo, design, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the GLUTADOSE Mark; (iv) using any trademark, name, logo, design, or source designation of any kind that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Nutradose; (v) using any trademark, name, logo, design, or source designation of any kind that dilutes or is likely to dilute the distinctiveness of the GLUTADOSE Mark; (vi) advertising, promoting,

offering for sale, or selling GLUTADOSE Products; and (vii) assisting any third party with any of the above;

(B)    ordering Defendants to withdraw all registrations, or applications for registrations, of the GLUTADOSE Mark in all foreign jurisdictions;

(C)    ordering Defendants to deliver to Nutradose the Amazon Brand Registry and Instagram accounts;

(D)    ordering Defendants to deliver up for impoundment and for destruction all GLUTADOSE Products, along with any promotional material, sample books, labels, tags, signs, packages, receptables, advertising, or other materials in their possession, custody, or control that are found to adopt, infringe, or dilute the GLUTADOSE Mark;

(E)    awarding Nutradose (i) all damages caused by the acts forming the basis of this Complaint; (ii) additional damages in the amount of Defendants' profits from the infringement of the GLUTADOSE Mark and sale of the GLUTADOSE Products; (iii) its reasonable attorney's fees and costs in bringing and prosecuting this action; and (iv) and prejudgment and post-judgment interest on all monetary awards; and

(F)    any other relief that this Court deems just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

45.    Nutradose repeats and realleges paragraphs 1 through 35 as if fully stated herein.

46.    Nutradose is the rightful owner of the GLUTADOSE Mark and has rights in the same by virtue of its ownership.

47.     Defendants intentionally, willfully, and knowingly adopted the GLUTADOSE Mark to sell the GLUTADOSE Products in order to compete with Nutradose in an effort to trade on Nutradose's goodwill and to confuse consumers, including, confusing customers about an association between Defendants and Nutradose.

48.     Nutradose has not authorized Defendants to utilize, in any way, the GLUTADOSE Mark.

49.     Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, in addition to causing injury to Nutradose's goodwill and reputation.

50.     Defendants' activities constitute infringement of the GLUTADOSE Mark in violation of 15 U.S.C. § 1125(a).

51.     On information and belief, Defendants have made, and will continue to make, substantial profits and gains to which they are not entitled.

52.     By reason of Defendants' infringing activities, Nutradose has and will continue to be irreparably harmed and damaged, and Nutradose's remedies at law are inadequate to compensate for this harm.

53.     Nutradose was required to hire the undersigned counsel and has obligated itself to pay the undersigned counsel's reasonable fees and litigation costs, for which Nutradose seeks to recover pursuant to 15 U.S.C. § 1117(a).

WHEREFORE, Nutradose respectfully requests entry of a final judgment in its favor and against Defendants:

(A)   ordering that Defendants and all of their agents, officers, employees,
        representatives, successors, assigns, attorneys, and all other persons acting

for, with, by, through, or under their authority be enjoined permanently from: (i) advertising, marketing, promoting, offering for sale, distributing or selling GLUTADOSE Products or the GLUTADOSE Mark; (ii) using the GLUTADOSE Mark in connection with any of their businesses; (iii) using any trademark, name, logo, design, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the GLUTADOSE Mark; (iv) using any trademark, name, logo, design, or source designation of any kind that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Nutradose; (v) using any trademark, name, logo, design, or source designation of any kind that dilutes or is likely to dilute the distinctiveness of the GLUTADOSE Mark; (vi) advertising, promoting, offering for sale, or selling GLUTADOSE Products; and (vii) assisting any third party with any of the above;

(B)   ordering Defendants to withdraw all registrations, or applications for registrations, of the GLUTADOSE Mark in all foreign jurisdictions;

(C)   ordering Defendants to deliver to Nutradose the Amazon Brand Registry and Instagram accounts;

(D)   ordering Defendants to deliver up for impoundment and for destruction all GLUTADOSE Products, along with any promotional material, sample books, labels, tags, signs, packages, receptables, advertising, or other materials in their possession, custody, or control that are found to adopt, infringe, or dilute the GLUTADOSE Mark;

(E)   awarding Nutradose (i) all damages caused by the acts forming the basis of this Complaint; (ii) additional damages in the amount of Defendants' profits from the infringement of the GLUTADOSE Mark and sale of the GLUTADOSE Products; (iii) its reasonable attorney's fees and costs in bringing and prosecuting this action; and (iv) and prejudgment and post-judgment interest on all monetary awards; and

(F)   any other relief that this Court deems just and proper.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT**

54.   Nutradose repeats and realleges paragraphs 1 through 35 as if fully stated herein.

55.   Nutradose is the rightful owner of the GLUTADOSE Mark and has rights in the same by virtue of its ownership and by virtue of its use of the GLUTADOSE Mark.

56.   The GLUTADOSE Mark is suggestive and has acquired secondary meaning.

57.   Defendants intentionally, willfully, and knowingly adopted the GLUTADOSE Mark to compete with Nutradose in an effort to trade on Nutradose's goodwill and to confuse consumers as to the source of the GLUTADOSE Products.

58.   Nutradose has not authorized Defendants to utilize, in any way, the GLUTADOSE Mark.

59.   Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public as to the source of GLUTADOSE Products., in addition to causing injury to Nutradose's goodwill and reputation.

60.   Defendants' activities constitute infringement of the GLUTADOSE Mark in violation of Florida common law.

61.     On information and belief, Defendants have made, and will continue to make, substantial profits and gains to which they are not entitled.

62.     By reason of Defendants' infringing activities, Nutradose has and will continue to be irreparably harmed and damaged, and Nutradose's remedies at law are inadequate to compensate for this harm.

WHEREFORE, Nutradose respectfully requests entry of a final judgment in its favor and against Defendants:

(A)  ordering that Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under their authority be enjoined permanently from: (i) advertising, marketing, promoting, offering for sale, distributing or selling GLUTADOSE Products or the GLUTADOSE Mark; (ii) using the GLUTADOSE Mark in connection with any of their businesses; (iii) using any trademark, name, logo, design, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the GLUTADOSE Mark; (iv) using any trademark, name, logo, design, or source designation of any kind that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Nutradose; (v) using any trademark, name, logo, design, or source designation of any kind that dilutes or is likely to dilute the distinctiveness of the GLUTADOSE Mark; (vi) advertising, promoting, offering for sale, or selling GLUTADOSE Products; and (vii) assisting any third party with any of the above;

(B)   ordering Defendants to withdraw all registrations, or applications for registrations, of the GLUTADOSE Mark in all foreign jurisdictions;

(C)   ordering Defendants to deliver to Nutradose the Amazon Brand Registry and Instagram accounts;

(D)   ordering Defendants to deliver up for impoundment and for destruction all GLUTADOSE Products, along with any promotional material, sample books, labels, tags, signs, packages, receptables, advertising, or other materials in their possession, custody, or control that are found to adopt, infringe, or dilute the GLUTADOSE Mark;

(E)   awarding Nutradose (i) all damages caused by the acts forming the basis of this Complaint; (ii) additional damages in the amount of Defendants' profits from the infringement of the GLUTADOSE Mark and sale of the GLUTADOSE Products; and (iii) and prejudgment and post-judgment interest on all monetary awards; and

(F)   any other relief that this Court deems just and proper.

**COUNT IV**
**CONVERSION**

63.    Nutradose repeats and realleges paragraphs 1 through 35 as if fully stated herein.

64.    Nutradose is the rightful owner of the social media accounts and Amazon Brand Registry for GLUTADOSE.

65.    Defendants have improperly taken and have improperly maintained, and are currently using the Amazon Brand Registry and GLUTADOSE Instagram accounts, i.e. @glutadose and @glutadose.es.

66.     Nutradose has previously demanded return of the Amazon Brand Registry and GLUTADOSE Instagram accounts, to no avail.

67.     Furthermore, given Defendants' continuing scheme to continue making money from the unauthorized use of the GLUTADOSE Mark, as demonstrated by Defendants' behavior after the Bankruptcy Sale and during the New Vision Lawsuit, any demand for return of Nutradose's property has been and/or would be futile.

68.     Defendants have refused to turn over the Amazon Brand Registry and the Instagram accounts.

69.     As a direct and proximate cause of Defendants' actions, Nutradose has been damaged.

WHEREFORE, Nutradose respectfully requests entry of a final judgment in its favor and against Defendants: (A) ordering Defendants to deliver to Nutradose the Amazon Brand Registry and Instagram accounts; (B) compensatory damages; (C) prejudgment and post-judgment interest on all monetary awards; and (D) any other relief that this Court deems just and proper.

## COUNT V
## UNFAIR AND DECEPTIVE TRADE PRACTICES (FLA. STAT. 501.204)

70.     Nutradose repeats and realleges paragraphs 1 through 35 as if fully stated herein.

71.     Defendants' unauthorized use of the GLUTADOSE Mark and alteration and sale of the GLUTADOSE Products as described above constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et. seq.*

72.     As a direct and proximate cause of Defendants' actions, Nutradose has been damaged.

73.     Nutradose was required to hire the undersigned counsel and has obligated itself to pay the undersigned counsel's reasonable fees and litigation costs, for which Nutradose seeks to recover pursuant to Florida Statute § 501.2105

WHEREFORE, Nutradose request entry of a final judgment in its favor and against Defendants: (A) permanently enjoining the deceptive and unfair trade practices; (B) awarding Nutradose its compensatory damages; (C) attorney's fees and costs pursuant; (D) prejudgment and post-judgment interest on all monetary awards; and (E) any other relief that this Court deems just and proper.

Date: March 15, 2022

Respectfully submitted,

**QUINTANA LAW FIRM**
145 Almeria Avenue
Coral Gables, Florida 33134
Tel. 305.446.0300
Fax. 305.446.2070

By: */s/ Kirk Villalón*
     J. Luis Quintana
     jlq@quintanalawfirm.com
     Florida Bar No. 768987
     Kirk Villalón
     kv@quintanalawfirm.com
     Florida Bar No. 125157