## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-20780-BLOOM/Otazo-Reyes

NUTRADOSE LABS, LLC,

     Plaintiff,

v.

BIO DOSE PHARMA, LLC, *et al.*,

     Defendants.

_____/

### <u>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS</u>

**THIS CAUSE** is before the Court upon Plaintiff Nutradose Labs, LLC's ("Plaintiff" or "Nutradose") Motion for Judgment on the Pleadings, ECF No. [17] ("Motion"). Defendants Bio Dose Pharma, LLC and Raimundo Santamarta (together, "Defendants") filed a Response, ECF No. [23], to which Plaintiff filed a Reply, ECF No. [24]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I.     BACKGROUND

This action arises as a result of alleged infringement by Defendants of Nutradose's trademark. *See generally* ECF No. [1] ("Nutradose"). In the Complaint, Nutradose alleges that an entity named Unipharma, LLC was a pharmaceutical development and manufacturing company that manufactured a line of dietary supplements under the GLUTADOSE mark. *Id.* ¶ 10-11. Unipharma registered the GLUTADOSE mark on December 24, 2019. *Id.* ¶ 12. Less than one year later, Unipharma filed for Chapter 11 bankruptcy, in which Defendants were listed as creditors. *Id.* ¶ 13. According to Nutradose, the bankruptcy court approved the sale of certain assets of

Unipharma, to which Defendants did not object. *Id*. ¶ 15. Through the bankruptcy sale, NHTV (AIV) ULM BIDCO ("New Vision") acquired the intellectual property of Unipharma, including the GLUTADOSE products, GLUTADOSE mark, and internet and social media accounts and profiles connected to the products and mark. *Id*. ¶ 16. Nutradose alleges further that through the bankruptcy sale, Defendants lost any rights they may have had to use the GLUTADOSE mark or sell GLUTADOSE products. *Id*. ¶ 17.

Nutradose purchased the rights to the GLUTADOSE products and GLUTADOSE mark, including internet domains and social media accounts, from New Vision on December 17, 2021. *Id*. ¶ 25. According to Nutradose, Defendants continue to violate the bankruptcy sale by improperly infringing on the GLUTADOSE mark and have unlawfully taken possession of the GLUTADOSE social media accounts and profiles. *Id*. ¶¶ 27, 29.

As a result of Defendants' alleged actions, Nutradose asserts claims for trademark infringement (Counts I and III), false designation of origin (Count II), conversion (Count IV), and unfair and deceptive trade practices (Count V). Plaintiff's Motion involves Defendants' Third Affirmative Defense, which states that "[t]he conduct of the parties during the period in dispute was in conformance with a September 13, 2019[] Licensing Agreement[,] which permitted Defendant Bio Dose to advertise and promote the GLUT[A]DOSE product, subject to the reasonable review of Plaintiff's predecessor, UNIPHARMA, LLC." ECF No. [10] at 7.

## II.    LEGAL STANDARD

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *see also Perez*

*v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). "A motion for judgment on the pleadings admits the [non-moving party's] factual allegations and impels the district court to reach a legal conclusion based on those facts." *Gachette v. Axis Surplus Ins. Co.*, No. 19-23680-CIV, 2020 WL 2850587, at *1 (S.D. Fla. Apr. 1, 2020) (quoting *Dozier v. Prof'l Found. for Heath Care, Inc.*, 944 F.2d 814, 816 (11th Cir. 1991)). "In determining whether a party is entitled to judgment on the pleadings, [courts] accept as true all material facts alleged in the non-moving party's pleading, and [] view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335 (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019).

## III.   DISCUSSION

Nutradose argues that it is entitled to judgment on Defendants' Third Affirmative Defense because the bankruptcy court terminated the Licensing Agreement upon which the Defense is premised as part of the bankruptcy sale involving Unipharma. Nutradose requests that the Court take judicial notice of the Unipharma bankruptcy proceeding and the bankruptcy sale. In response, Defendants dispute the effect of the bankruptcy court's order on the validity of the Licensing Agreement.

Upon review, even assuming the relief Plaintiff requests is proper at this juncture, Plaintiff is not entitled to judgment on Defendants' Third Affirmative Defense. "A court must deny a motion for judgment on the pleadings if a 'comparison of the averments in the competing pleadings reveals a material dispute of fact.'" *United States v. Khan*, No. 3:17-CV-965-J-PDB, 2018 WL

6308678, at *1 (M.D. Fla. Sept. 26, 2018) (quoting *Perez*, 774 F.3d at 1335). Generally, "federal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Pete Vicari Gen. Contractor LLC v. Ohio Cas. Ins. Co.*, No. 17-23733-CIV, 2018 WL 6308695, at *1 (S.D. Fla. Sept. 27, 2018) (citation omitted).

Here, Defendants deny the following allegations in the Complaint, which pertain to the bankruptcy sale and its purported effects on their rights:

> 16.    Through the Bankruptcy Sale, [New Vision] acquired, among other things, all rights in the intellectual property of Unipharma, which included the GLUTADOSE Products, the GLUTADOSE Mark, and all related intellectual property of Unipharma, including, but not limited to, internet domains and social media accounts and profiles connected with the GLUTADOSE Products and the GLUTADOSE Mark. [. . .]

> 17.    Furthermore, through the Bankruptcy Sale, which neither Defendant objected to, Defendants lost any rights that they may have had to use the GLUTADOSE Mark and to sell GLUTADOSE Products: "Prior to Closing, the [Unipharma] shall . . . terminate all prior arrangements or agreements, whether oral or in writing, between [Unipharma] and Bio Dose Pharma, LLC . . . ." [. . .]

> 18.    The termination of all prior agreements between Unipharma and Bio Dose was in recognition that Mr. Santamarta was the controlling equity owner and manager of Unipharma and Bio Dose and that any such agreements between such entities were self-serving agreements essentially between Mr. Santamarta and himself.

ECF No. [10] ¶¶ 16-18; *see* ECF No. [1] ¶¶ 16-18. In addition, Defendants assert that their conduct was permitted by the Licensing Agreement. Applying the standard governing motions for judgment on the pleadings, the Court accepts the facts asserted by Defendants, which deny that the bankruptcy sale terminated their rights, or the Licensing Agreement. *See Perez*, 774 F.3d at 1335. As such, it is clear that Defendants dispute Plaintiff's allegations regarding the effect of the bankruptcy proceeding and the application of the Licensing Agreement. Therefore, Plaintiff is not entitled to judgment at this juncture.

Moreover, Plaintiff has cited no authority, nor has the Court found any, to support the relief it seeks here. *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and citation omitted).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [17]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record