UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20780-BLOOM/Otazo-Reyes

NUTRADOSE LABS, LLC,

    Plaintiff,

v.

BIO DOSE PHARMA, LLC, *et al.*,

    Defendants.
_____/

### ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND FOR MODIFICATION OF THE SCHEDULING ORDER

**THIS CAUSE** is before the Court upon Plaintiff Nutradose Labs, LLC. ("Nutradose") Motion for Leave to File Amended Complaint and for Modification of the Scheduling Order, ECF No. [48] ("Motion"), filed on December 2, 2022. After the Court ordered an expedited response, *see* ECF No. [50], Defendants Bio Dose Pharma, LLC and Raimundo Santamarta (together, "Defendants") filed their Response in Opposition, ECF No. [51]. Plaintiff also filed a Reply, ECF No. [52]. The Court has carefully considered the Motion, Response, Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This case arises as a result of alleged trademark infringement of a line of dietary supplements under the GLUTADOSE mark. *See generally* ECF No. [1] ("Complaint"). According to Nutradose, Defendants have improperly infringed on the GLUTADOSE mark, and have unlawfully taken possession of the GLUTADOSE social media accounts and profiles. *Id.* ¶¶ 27, 29. As a result, Nutradose asserts claims for trademark infringement (Counts I and III), false

designation of origin (Count II), conversion (Count IV), and unfair and deceptive trade practices (Count V). *See id.*

On April 25, 2022, the Court entered its Scheduling Order, ECF No. [12], setting a deadline of June 24, 2022 for amendment of pleadings. In the Motion, Nutradose requests that the Court grant leave to amend its Complaint to assert claims against two additional parties and to add a claim for civil conspiracy, based upon information recently discovered during two depositions in November. Specifically, Plaintiff asserts that (1) Defendants did not disclose German Perez, who produced critical information as an individual with discoverable information in their initial or corporate disclosures; (2) Plaintiff learned new information during the course of discovery and at Defendants' depositions, including actions taken after the commencement of this case that reveal a scheme to launch a competing trademark; and (3) discovery was delayed by Defendants and non-parties' "stonewalling."

Defendants oppose the request, contending that Nutradose has not been diligent in seeking leave to amend and cannot establish the necessary good cause. Defendants assert that the information that Nutradose purports to have learned recently is either publicly available or was available to Nutradose much earlier.

## II.     LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However,

"[a] district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

A scheduling order may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When, as here, a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Accordingly, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d. at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the

3

pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* But, if the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III. DISCUSSION

Upon review, Plaintiff fails to show the good cause necessary to justify leave to amend at this late stage – nearly five months after expiration of the deadline for leave to amend set in the Court's Scheduling Order.

First, although Defendants do not address their apparent failure to identify German Perez in their disclosures, Plaintiff did not seek any relief from the Court for Defendants' apparent violation. In addition, there is no indication that Plaintiff was not otherwise aware of Mr. Perez, who the Motion indicates is one of Bio Dose Pharma's corporate representatives. Similarly, Plaintiff does not assert that it was unaware of the identity of Yohana Santamarta, one of the proposed additional defendants; but rather, that it was unaware until recently of actions taken by her. Tellingly, Ms. Santamarta was listed on Bio Dose Pharma's annual report dated March 15, 2021, *see* ECF No. [51-2], and Plaintiff has not shown that it was diligent in seeking relevant discovery related to her and her role in the purported scheme concerning the competing mark.

Second, with respect to the new information learned at the depositions of Bio Pharma's corporate representative and Defendant Santamarta, Plaintiff does not adequately explain why the information could not have been learned sooner, other than the fact that the depositions took place at the end of November.[1] The Court entered the Scheduling Order on April 25, 2022, setting a discovery deadline of December 13, 2022, and thus Plaintiff had nearly eight (8) months in which

---

[1] Moreover, to the extent that the proposed Amended Complaint relies upon information disclosed in a communication subject to a claim of privilege, the instant Motion is not the appropriate means of resolving that issue. The Court notes that the issue of privilege and any possible waiver has not been properly raised either before this Court or the Magistrate Judge.

to conduct the necessary discovery. Moreover, to the extent that Plaintiff asserts that any delay is attributable to third parties' and Defendants' "stonewalling," the Court notes that the three motions to compel Plaintiff asserts have been necessary in this case relate only to third parties' compliance with subpoenas. Otherwise, Plaintiff has not sought relief from the Magistrate Judge for any purported discovery violations on the part of Defendants.

Contrary to Plaintiff's argument, the fact that the new information supporting the proposed Amended Complaint involves facts occurring after the commencement of the instant case is not sufficient cause alone for the belated request to amend. Plaintiff's reliance upon *Watkins*, *Virciglio*, and *Southpoint Condominium Association, Inc.* is misplaced, as those cases are distinguishable. The plaintiff in *Watkins* was pro se and entitled to more leniency than a party represented by counsel, and he requested leave to amend within weeks of the Court's order dismissing his previous claims and receipt of the relevant information in discovery. *Watkins v. Bigwood*, No. 18-cv-63035-BLOOM/Valle, 2020 WL 4922359, at *3 (S.D. Fla. Aug. 21, 2020). The plaintiff in *Virciglio* sought leave to amend two weeks after expiration of the amendment deadline, not five months later, as Plaintiff does here. *Virciglio v. Work Train Staffing LLC*, 647 F. App'x 879, 885 (11th Cir. 2016). In *Southpoint*, the defendant requested leave to amend its affirmative defenses five months after expiration of the relevant deadline, but the plaintiff did not argue, as Defendants do here, that the defendant was not diligent or that good cause was lacking. *Southpoint Condo. Assoc., Inc. v. Lexington Ins. Co.*, No. 19-cv-61365-BLOOM/Valle, 2020 WL 639400, at *4 (S.D. Fla. Feb. 11, 2020).

Here, the scheduling of critical depositions mere weeks before the expiration of the discovery period does not constitute good cause to justify Plaintiff's belated request for leave to amend, and a corresponding extension of remaining pretrial deadlines and continuance of trial.

Accordingly, the Court's inquiry ends. *Sosa*, 133 F.3d at 1418.

### IV. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that the Motion, **ECF No. [48]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of Record